## Case No. 5,726.
### GRAY v. NATIONAL STEAMSHIP CO.

[7 Reporter, 581.] [1]

Circuit Court, S. D. New York. March 31, 1879.[2]

EQUITY PRACTICE AND PLEADING—FEDERAL COURTS —PLEA—NON-JOINDER—NON-RESIDENTS.

Where a plea of non-joinder is interposed and it appears that the parties omitted are not inhabitants of the federal district and do not voluntarily appear, the plea will be overruled.

Bill in equity.

Henry Morrison, for plaintiff.
John Chetwood, for defendant.

BLATCHFORD, Circuit Judge. The substance of the plea is, that it appears by the bill that the plaintiff recovered a judgment against the National Steam Navigation Company, that such judgment is unpaid, that William Rome and Charles E. Dixon are the liquidators of said company, that property of said company has been transferred in fraud of the plaintiff and of said company's creditors, and that the plaintiff seeks to have a receiver appointed of such property as property of said company. The plea avers that the said National Steam Navigation Company and the said Rome and Dixon ought to be, but are not, made parties to the bill. The bill avers that on the 16th of August, 1867, the National Steam Navigation Company, a corporation then existing under a statute of Great Britain known as the "Companies Act of 1862," William Rome and Charles Edward Dixon and the defendant then entered into an agreement of which a copy is annexed to the bill, the defendant being a corporation existing under the same statute; that the plaintiff on the 23d of June, 1868, recovered judgment in a court of this state against the Steam Navigation Company for $3,269.05,

---
[1] [Reprinted by permission.]
[2] [Affirmed in 115 U. S. 116, 5 Sup. Ct. 1166.]

which is now vested in her; that the said National Steam Navigation Company disposed of its property to the defendant in this suit in fraud of the rights of the plaintiff by transferring to the defendant certain steamships; that the National Steam Navigation Company, from August 16, 1867, was engaged in winding-up under said act, and that on the 12th of July, 1870, it accomplished and terminated its winding-up, and on that day, under said act, filed a return of final winding-up with the registrar of joint-stock companies. The bill prays for an appointment of a receiver of said property and for its sale and the payment of the plaintiff's judgment out of its proceeds. The agreement of August 16, 1867, shows that the National Steam Navigation Company was to be wound up voluntarily as and from the 15th of August, 1867; that Rome and Dixon of Liverpool, in England, merchants, were appointed liquidators for the purpose of winding up its affairs and distributing its property; that all its business and property were to be transferred to the defendants in this suit, and that the latter was to assume the liabilities of the National Steam Navigation Company.

It is provided by section 737 of the Revised Statutes that the non-joinder of parties who are not inhabitants of, nor found within the district in which the suit is brought, and do not voluntarily appear, shall not constitute matter of abatement or objection to the suit. The plea in this case does not aver that the National Steam Navigation Company, or Rome or Dixon, is an inhabitant of or can be found in this district. It does not allege that they are willing or desire voluntarily to appear. It does not allege that the company is still in existence, or that Rome or Dixon is still living. The bill shows that Rome and Dixon, when living, resided in Liverpool, in England, and that the company was a British corporation. No allegation is made in the plea that this court can acquire jurisdiction of them or of the company, by the service of any process. The bill does not state a case within section 738 of the Revised Statutes. The suit is not made by the bill one to enforce a lien or claim against property in this district. Under section 737 this court could proceed to adjudicate the suit between the parties before it, even though the parties alleged by the plea to be necessary parties have been named as parties by the plaintiff but were not brought into court. The plea is overruled with costs.

[NOTE. The case was heard upon the proofs, and a decree was rendered by the circuit court dismissing the bill. From this decree the complainants appealed to the supreme court, which, in an opinion by Mr. Justice Field (115 U. S. 116, 5 Sup. Ct. 1166), affirmed the decree, holding, upon a review of the proof, that the National Steamship Company ought not to be charged with a debt of the old navigation company.]